DECISION
Plaintiffs-appellants the City of Cincinnati and the State of Ohio advance on appeal a single assignment of error, in which they contend that the trial court improvidently granted defendant-appellee Scott T. Askren's motion to suppress. We agree, and on that basis, we reverse the judgment entered under the Trial No. 98TRC-56142A and appealed under Appeal No. C-990535. We further determine, however, that R.C. 2945.67(A) afforded the prosecution no right to pursue the appeal assigned Appeal No. C-990536, and it is, accordingly, dismissed.
Askren was arrested and charged, under the Trial No. 98TRC-56142B, with speeding in violation of Cincinnati Municipal Code 506-8 and, under the Trial No. 98TRC-56142A, with driving under the influence of alcohol in violation R.C. 4511.19(A)(1), based upon the observations of a Cincinnati police officer, who had stopped Askren for driving his pickup truck at a rate of ninety-one miles per hour in a fifty-five-mile-per-hour zone. Prior to trial of the charges before the Hamilton County Municipal Court, Askren filed, with respect to each charge, a motion to suppress.
At the hearing on the motions to suppress, the arresting officer testified that he had approached Askren's stopped truck on the driver's side and that, as he leaned down to Askren's open driver's-side window, he had detected a "moderate" odor of alcohol. The officer related this perception to Askren and asked him if he had been drinking. Askren confessed that he had consumed three cans of beer, the last of which he had finished approximately two hours earlier.
Askren then, at the officer's request, performed various field-sobriety tests. The officer testified that "slow and distinct pauses" had marred Askren's performance of the "alphabet" and "walk-and-turn" tests; that Askren's "side-to-side swaying" during the instructional portion of the "finger count" test and the "one-legged stand" had detracted from his otherwise-acceptable performance of those tests; and that Askren had executed the "finger-to-nose touch" less accurately with his right hand than with his left hand. The officer concluded, based upon his past experience and his present observations, that Askren's "ability to operate a motor vehicle was appreciably impaired."
The trial court denied the motion to suppress with respect to the speeding charge. However, the court granted the motion to suppress filed in connection with the driving-under-the-influence charge, upon its determination that the evidence adduced at the hearing showed "alcohol consumption but [not] impaired coordination or driving" and thus provided no "reasonably articulated indicia of intoxication." The prosecution, pursuant to R.C. 2945.67(A), has appealed, under Appeal No. C-990536, the trial court's judgment on the suppression motion as to the speeding charge and, under Appeal No. C-990535, the court's judgment on the suppression motion as to the driving-under-the-influence charge.
 I.
We note at the outset that R.C. 2945.67(A) affords the prosecution a right to appeal the "decision of a trial court in a criminal case * * * [that] grants * * * a motion to suppress evidence * * *." (Emphasis added.) The court below, under the Trial No. 98TRC-56142B, denied the motion to suppress filed in connection with the speeding charge. R.C. 2945.67(A) thus afforded the prosecution no right to appeal that decision. Accordingly, we dismiss the prosecution's appeal under Appeal No. C-990536.
 II.
There remains for our determination the challenge advanced on appeal to the granting of the motion to suppress filed in relation to the driving-under-the-influence charge. TheFourth Amendment to the United States Constitution provides the legal predicate for the pretrial suppression of evidence. It secures the right to be free from unreasonable searches and seizures and requires that an arrest be made only upon probable cause. Evidence derived from a search, seizure or arrest effected in contravention of the Fourth Amendment is subject to exclusion at trial. See Mapp v. Ohio (1961), 367 U.S. 643, 655, 81 S.Ct. 1684,1691.
A.
We note, as a preliminary matter, that the trial court, in granting Askren's motion to suppress, did not expressly state aFourth Amendment basis for exclusion,[1] nor did it specify the evidence thereby excluded. Askren, in his motion to suppress, asserted that the arresting officer had neither "lawful cause" to stop or detain him nor "probable cause" to effect a warrantless arrest, and on that basis, he sought the exclusion of testimony by the officer concerning his observations and other perceptions, including his assessment of Askren's performance of the field-sobriety tests and any statements made by Askren during his detention, and the exclusion of the results of the breathalyzer examination administered after Askren's arrest. At the hearing on the motion, however, defense counsel withdrew the prayer for exclusion of the breathalyzer results, because they reflected a breath-alcohol concentration of less than the amount proscribed under R.C. 4511.19(A)(3). Defense counsel, at that juncture, also expressly restricted the challenge presented by the motion to the issue of whether Askren's warrantless arrest was effected upon probable cause. The prosecution then, to perfect its appeal from the trial court's entry granting the motion to suppress, certified pursuant to Crim.R. 12(J) that the "granting of the Motion to Suppress ha[d] rendered the State's evidence, in its entirety, inadmissible so that any reasonable possibility of effective prosecution ha[d] been destroyed." Finally, the parties' appellate briefs disclose that the only issue joined on appeal is whether the police officer who arrested Askren did so upon probable cause that Askren had been driving under the influence of alcohol. The record before us thus suggests that our analysis should proceed on two assumptions: (1) that the trial court granted Askren's motion to suppress on the ground that Askren had been arrested without probable cause; and (2) that the court thereupon excluded all testimony by the arresting officer concerning his observations and other perceptions.
We further note that Askren does not (as, upon this record, he could not) argue on appeal that suppression of the evidence can be justified on the alternative basis that the initial stop or his continued detention was not effected in conformity with the Fourth Amendment. The arresting officer testified, at the hearing on the motion to suppress, to his observation of Askren's speeding, his subsequent detection of the odor of alcohol, and Askren's admission of alcohol consumption. Thus, the officer, in his testimony, "point[ed] to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant[ed]" the traffic stop and the further detention of and intrusion upon Askren beyond the effectuation of the initial purpose of the stop. See Terry v.Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880.
Finally, to dispel any confusion as to when Askren was, for purposes of the Fourth Amendment probable-cause requirement, placed under arrest, we note that the minor-misdemeanor offense of speeding was not, under the circumstances, an offense for which Askren could have been arrested. See R.C. 2935.26(A). Thus, Askren must be said to have been arrested for the offense of driving under the influence of alcohol based upon the events leading up to and including, and thus following, his substandard performance of the field-sobriety tests.
B.
An arrest in contravention of the Fourth Amendment will not afortiori preclude subsequent criminal proceedings predicated upon the arrest. See United States v. Crews (1980), 445 U.S. 463, 474,100 S.Ct. 1244, 1251; accord State v. Henderson (1990), 51 Ohio St.3d 54,56, 554 N.E.2d 104, 106. The remedy for an arrest in violation of the Fourth Amendment is, instead, the exclusion from trial of evidence obtained as a direct consequence of the arrest. See Mapp, supra at 655, 81 S.Ct. at 1691. Thus, an arrest that contravenes the Fourth Amendment affects the prosecution of a criminal charge only to the extent that it provides a basis for the suppression of the "fruit of the poisonous tree" of theFourth Amendment violation. See Nardone v. United States (1939),308 U.S. 338, 341, 60 S.Ct. 266, 268.
Askren was arrested based upon, and thus subsequent to, the arresting officer's observation of Askren's operation of his truck at a rate of speed that suggested impaired judgment, the officer's perception of an odor of alcohol emanating from Askren's person, Askren's admission to the officer that he had been drinking, and Askren's less-than-satisfactory performance of the field-sobriety tests. This evidence was "seized" incident to the traffic stop and subsequent detention, and the officer, in his testimony at the suppression hearing, indisputably provided an independent legal basis for its "seizure."
A breathalyzer test administered after Askren's arrest provided the only evidence "seized" as a direct consequence of his arrest. Defense counsel had, however, at the suppression hearing, withdrawn the motion's prayer for exclusion of the breathalyzer results, because the results reflected a breath-alcohol concentration of less than the proscribed amount and thus tended to bolster what appeared to be the strongest theory of defense,viz., that Askren had imbibed, but was not unlawfully under the influence of, alcohol.
Thus, we need not reach the issue of whether Askren's arrest was effected upon probable cause. The trial court's determination that Askren was arrested without probable cause, regardless of the propriety of that determination, was inconsequential to Askren's prosecution for driving under the influence, because that determination provided no legal basis for excluding the evidence sought to be, and thereupon, suppressed. We, therefore, hold that the trial court erred in granting Askren's motion to suppress. Accordingly, we sustain the sole assignment of error.
Having thus determined that R.C. 2945.67(A) afforded the state no right to appeal the denial of the motion to suppress filed under the Trial No. 98TRC-56142B, we dismiss the appeal assigned Appeal No. C-990536. Upon our determination that the trial court erred in granting the motion to suppress filed under the Trial No. 98TRC-56142A, we reverse the judgment of the trial court appealed under Appeal No. C-990535 and remand this case for further proceedings consistent with law and this Decision.
Judgment accordingly.
 HILDEBRANDT, P.J., PAINTER and SHANNON, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] The trial court found, in granting suppression, that the evidence adduced at the hearing showed "alcohol consumption but [not] impaired coordination or driving" and thus provided no "reasonably articulated indicia of intoxication." The court's finding suggests that the court found the prosecution's evidence on the driving-under-the-influence charge to be somehow deficient. We are unable to discern, however, from the court's statement of its finding the standard that the evidence failed to meet.